**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRIAN FINAN,

      Petitioner,

v.                                           Case No. 8:02-CV-2171-T-30MSS

DON MERRITT, et al.

      Respondents.

_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Dkt. 1) challenging his 1997 sentence for robbery entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a limited response to the petition (Dkt. 6), and Petitioner has filed a reply thereto (Dkt. 8).  For reasons set forth below, the Court finds that the petition is time-barred pursuant to 28 U.S.C. § 2244(d).

### Background

On January 21, 1997, Petitioner, represented by counsel, entered a plea to the charges of robbery (Count One) and obstructing or opposing a law enforcement officer without violence (Count Two). On September 8, 1997, Petitioner was adjudicated guilty and sentenced as an habitual felony offender to a term of 15 years imprisonment, to be followed by an 18-month term of probation on Count One, and time served on Count Two (Dkt. 7, Ex. 1).  Based on Petitioner's notice of voluntary dismissal, the appellate court dismissed his appeal on September 16, 1998 (Dkt. 7, Ex. 003).

On April 3, 2000, Petitioner filed a *pro se* motion to correct his sentence under Fla. R. Crim. P. 3.800(a) seeking relief based on the Florida Supreme Court's July 10, 2000 decision in *Heggs v. State*, 759 So.2d 620 (Fla. 2000) (invalidating the act containing the 1995 sentencing guidelines and certain provisions related to gain time because it violated the single subject rule) (Dkt. 7, Ex. 004). Finding that as an habitual felony offender, Petitioner was not qualified for resentencing under *Heggs*, the trial court denied Petitioner's Rule 3.800(a) motion on October 25, 2000 (Dkt. 7, Ex. 005). *See* Fla. Stat. § 775.084(g) (1995) (classification as an habitual felony offender rendered the sentencing guidelines inapplicable); *Gibson v. State*, 775 So.2d 353, 354 (Fla. 2d DCA 2000). Petitioner appealed, and on March 14, 2001, the appellate court affirmed the trial court's decision, per curiam, but remanded the case with directions to the trial court to conform the written sentence to the oral pronouncement finding that Petitioner qualified for sentencing as an habitual felony offender (Dkt. 7, Ex. 007). *See Finan v. State*, 794 So.2d 623 (Fla. 2d DCA 2001). The mandate was issued on June 7, 2001 (Dkt. 7, Ex. 008).

The trial court issued an amended judgment correcting the omission of the habitual felony offender designation from Petitioner's judgment on June 20, 2001 (Dkt. 7, Ex. 010). *See Boggs v. State*, 557 So.2d 203 (Fla. 2d DCA 1990) (defendant was entitled to have written order corrected to conform to the court's oral pronouncement, but he need not be present on remand). Petitioner filed a motion in the trial court on May 14, 2002, requesting that it comply with the appellate court's remand order (Dkt. 7, Ex. 011). On June 18, 2002, Petitioner petitioned the state district court to issue a writ of mandamus directing the trial court to comply with the remand order. On June 20, 2002, the trial court denied Petitioner's

motion (Dkt. 7, Ex. 013), and the appellate court denied Petitioner's petition for writ of mandamus as moot on July 26, 2002 (Dkt. 7, Ex. 014).

Petitioner filed the instant petition on November 20, 2002 (Dkt. 1).  Petitioner raises one ground for relief:

> [Petitioner] was sentenced under 1995 guidelines found to be unconstitutional. *Heggs v. State*, 25 Fla. L. Weekly S137 (2/17/2000).  The legislature's enactment of Chapter 95-184, Laws of Florida, violated the single subject act contained in article III, Section 6 of the Florida Constitution.  The State argued [Petitioner] did not qualify for relief because he was sentenced as a habitual offender under 775.084. [Petitioner] argued that after judge's findings of H-O-Qualifications, the judge failed to pronounce his imposition of sentence as a habitual.  The 2d DCA disagreed with [Petitioner].

Dkt. 1 at 6.  Respondent asserts that Petitioner's claim is barred by the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Having reviewed the record and considered the arguments raised by the parties, applicable statutes, and controlling case law, the Court agrees.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the statutes governing federal habeas relief for state prisoners, dramatically shortened the time for filing a federal habeas petition to one year by adding the following provision to 28 U.S.C. § 2244:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

    (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Because Petitioner filed his petition after April 24, 1996, the AEDPA provisions are applicable thereto.  *See Wilcox v. Florida Dep't of Corrs.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

### Discussion

Having filed a timely notice of appeal, Petitioner filed a notice of voluntarily dismissal. The appellate court's order dismissing Petitioner's direct appeal was entered on September 16, 1998.  Assuming, without deciding, that Petitioner is entitled to the benefit of the 90-day window for filing a petition for certiorari under Sup. Ct. R. 13, Petitioner's one-year limitation

period began to run on December 15, 1998. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitations period did not begin to run until the 90-day window during which the petitioner could have petitioned the United States Supreme Court for a writ of *certiorari* expired).  Thus, absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until December 15, 1999, to file his petition for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The instant petition was not file until November 20, 2000.

Petitioner did not file an application for state post-conviction relief until April 3, 2000, when he filed a Rule 3.800(a) motion alleging that his sentence was illegal because he was sentenced under an unconstitutional version of the 1995 Florida Sentencing Guidelines (Dkt. 7, Ex. 004). This motion, however, had no tolling effect on the one-year limitation period because it had already expired.  *See Tinker v.* Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state application for post-conviction relief that is filed following the expiration of the federal limitation period has no tolling effect because there is no period remaining to be tolled); *Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions).

Petitioner asserts that the federal limitation period for his claim did not begin to run until July 10, 2000, when the Florida Supreme Court entered its decision in *Heggs v. State*, 759 So.2d 620 (Fla. 2000).  The federal limitations period is not reinitiated by a change in state law.  *See* 28 U.S.C. § 2244(d)(1)(C) (the limitation period is reinitiated on "the date on which the constitutional right asserted was initially recognized by the [United States]

Supreme Court, if the right has been newly recognized by the [United States] Supreme Court and made retroactively applicable to cases on collateral review."). Likewise, Petitioner's argument that he was prevented from filing his federal habeas petition due to an "impediment to filing an application created by state action in violation of the Constitution or laws of the United States," *see* 28 U.S.C. § 2244(d)(1)(B), is unavailing given that Petitioner's argument is premised on events which occurred <u>after</u> the limitations period expired. *See Webster v. Moore*, 199 F.3d at 1257. Thus, unless Petitioner can demonstrate that he is entitled to equitable tolling of the limitation period, his petition is time barred.

Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with* <u>*diligence*</u>'" (emphasis added). *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Continuing to focus on events which occurred outside the limitations period, Petitioner asserts that he is entitled to the benefit of equitable tolling because he did not receive timely notification that the trial court had complied with the appellate court's remand order. Because the Rule 3.800(a) motion had no tolling effect, this argument is unavailing.

Even if the limitation period did not begin to run until July 10, 2000, when the *Heggs* decision became final, the petition would still be time-barred. Petitioner's motion for relief

under Rule 3.800(a) motion was pending when the *Heggs* decision became final.  In the

March 14, 2001 published decision affirming the trial court's denial of the Rule 3.800(a)

motion, the appellate court stated:

> Brian Finan challenges the trial court's order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800 wherein he alleged that he was sentenced under an unconstitutional version of the 1995 guidelines on a robbery conviction.  The trial court correctly found that Finan was sentenced to fifteen years' prison as a habitual offender and therefore was not entitled to relief.  *Gibson v. State,* 775 So.2d 353 (Fla. 2d DCA 2000). We note that although the trial court orally sentenced Finan to fifteen years' prison as a habitual offender, the written judgment and sentence do not reflect that Finan was sentenced as a habitual offender.  The oral pronouncement controls over the written sentence.  *Trapp v. State,* 760 So.2d 924, 926 n. 1 (Fla. 2000).  Accordingly, we affirm the order of the trial court but remand to the trial court with directions to conform the written sentence to the oral pronouncement.
>
> Affirmed, and remanded with directions.

*Finan v. State*, 794 So.2d 623 (Fla. 2d DCA 2001).  Petitioner does not assert that he did

not receive timely notification of the appellate court's decision. For purposes of this

discussion, the limitations period commenced to run when the mandate issued on June 7,

2001.  Thus, in order to be timely, Petitioner's request for federal habeas relief would have

been due on or before June 7, 2002.  Petitioner waited 531 days after the mandate issued

before filing the instant petition on November 20, 2002.

Petitioner's assertion that he is entitled to equitable tolling of the limitations period

because he did not receive notice that the trial court entered an amended judgment on

June 20, 2001, in compliance with the appellate court's remand order until June 28, 2002,

is unpersuasive. Petitioner waited 341 days after the mandate issued before filing a motion

in the trial court requesting that it comply with the appellate court's remand order (Dkt. 7,

Ex. 011). After learning that the amended judgment was entered 13 days after the mandate issued, Petitioner delayed another 145 days before filing the instant petition on November 20, 2002.

"The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust." *Justice v. United States,* 6 F.3d 1474, 1475 (11th Cir.1993). However, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "To establish diligence, . . . the petitioner must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). Petitioners who fail to act diligently to protect their rights run the risk that, as in the instant case, the time will expire on their ability to do so. Having afforded Petitioner the opportunity to explain the reasons for his untimeliness, the Court finds that even if the limitations period were revived by the *Heggs* decision, Petitioner would not be entitled to relief because he has failed to demonstrate that he acted with the diligence required to render equitable tolling appropriate. *See Drew*, 297 F.3d at 1290 n.5. Without such a showing, it would be improper for a federal habeas court to discuss the merits of a petitioner's claim.

## Conclusion

Given this chronology of events, it is clear that more than one year elapsed between the date the convictions challenged herein became final and the filing of the instant petition, and Petitioner has not demonstrated that the delay is attributable to extraordinary

circumstances beyond his control <u>and</u> unavoidable with diligence. The Court finds, therefore, that the petition is time-barred under the provisions of § 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Petition for Writ of Habeas Corpus (Dkt.  1) is **DENIED**.

2.      The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
All Parties/Counsel of Record

SA:jsh